UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BRANDON WEATHERSPOON AND
BRENTEL WEATHERSPOON, INDIVIDUALLY
AND AS NATURAL SONS OF
STEPHANIE WILLIAMS, DECEASED                                        PLAINTIFFS

V.                                                  CIVIL ACTION NO. 3:07CV24 DPJ-JCS

NISSAN NORTH AMERICA, INC.; NISSAN
MOTOR COMPANY, LTD.; DENNIS WILLIAMS;
AND NMLS                                                            DEFENDANTS

## ORDER

This products liability case is before the Court on Plaintiffs' Appeal of Magistrate Judge Decision [105]. Stated generally, Plaintiffs appeal Magistrate Judge Linda Anderson's orders on June 23, 2008 [94] and August 4, 2008 [97] awarding Defendant Nissan Motor Co., Ltd. ("NML") costs associated with preparing for and attending a cancelled deposition that Plaintiffs noticed under Rule 30(b)(6) of the Federal Rules of Civil Procedure. The Court, having fully considered the parties' submissions and the applicable law, finds that Plaintiffs' appeal should be denied.

I.    Facts/Procedural History

In late January 2008, Plaintiffs' counsel wrote counsel for NML expressing a desire to conduct a Rule 30(b)(6) deposition. The letter listed the deposition subject areas. By early February, the parties had agreed to conduct the deposition in two stages beginning May 1st in California and concluding May 9th in Detroit, Michigan. The parties continued to discuss

logistics over the next several weeks, but Plaintiffs filed no notice and NML voiced no objections to the scope of the deposition.[1]

With the deposition date approaching and no formal notice in hand, NML's attorney wrote Plaintiffs' counsel on April 8th objecting to the scope of the suggested topics. The letter stated, "Although you have not yet filed this notice, we do find it necessary to object . . . so, rather than wait until the notice is filed, we thought it prudent to address our objections now so they can be resolved well in advance of the deposition." The letter generally indicated that the topics were too broad and should be limited to the subject product. Plaintiffs' counsel disagreed with NML's assessment and sent an email on April 9th stating that the notice would be filed "as is" and that NML could "then raise whatever objections you feel you need to make."

Plaintiffs filed the Rule 30(b)(6) notice on April 11, 2008 in its original form. Four days later, on April 15th, Defense counsel wrote another letter clarifying that, although the notice was overly broad and objectionable, "[o]ur objections and limitations on the deposition still allow you to question corporate representatives regarding each of your areas of inquiry . . . . But within realistic and appropriate limits. However, reserving those objections, we plan to go forward with the Rule 30(b)(6) deposition(s)." Nothing else appears to have occurred until April 30th, when Plaintiffs cancelled the May 1st deposition.

The decision to cancel the deposition set off a flurry of activity involving the magistrate judge, beginning with a telephonic conference on April 30th. According to NML's

---

[1] Plaintiffs contend that filing the notice was unnecessary. Rule 5(a) states that "every written notice" must be served, and Rule 5(d) states that all papers for which service is required must be filed "within a reasonable time after service." Moreover, Rule 37(d), which addresses sanctions for failing to appear at a Rule 30(b)(6) deposition, applies only upon "proper service of the request." In any event, such notices are customarily filed.

uncontroverted account, the judge told the parties that she needed to review the correspondence history before ruling and that the parties should be prepared to go forward the following day–May 1st.  Plaintiffs stated in their appeal that they "believed that the Court indicated a desire that the deposition proceed."  Application for Appeal at 7.  The next day, May 1st, Judge Anderson ruled that the deposition should proceed, but by the time that ruling was handed down, Plaintiffs' lead counsel was en route to another matter in the Virgin Islands.  Plaintiffs therefore again cancelled the deposition Judge Anderson ordered them to conduct.

NML thereafter sought its costs and expenses, including attorneys' fees, associated with preparing for and attending the May 1st deposition.  Judge Anderson awarded expenses, but not fees, in an order entered on June 23, 2008 [94].  She later affirmed her holding when she denied Plaintiffs' motion for reconsideration on August 4, 2008 [97].  Plaintiffs now appeal both orders.

## II.     Analysis

Rule 72.1 of the Uniform Local Rules allows an appeal of a magistrate judge's order. Rule 72.1(2) provides that

> [n]o ruling of a magistrate judge in any matter in which he or she is empowered to hear and determine shall be reversed, vacated, or modified on appeal unless the district judge shall determine that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law.

The "clearly erroneous" standard requires that the court affirm the decision of the magistrate judge unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also* FED. R. CIV. P. 72(a).  Plaintiffs contend that they have met this burden with respect to the

3

order sanctioning them for cancelling the deposition. Alternatively, Plaintiffs contend that the magistrate judge's award was too high.

    A.    <u>Whether Sanctions Should be Affirmed</u>

Rule 30(g)[2] of the Federal Rules of Civil Procedure states:

> A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to . . . attend and proceed with the deposition.

Whether to impose sanctions for discovery violations falls within the court's sound discretion. *See United States v. Katz,* 178 F.3d 368, 372 (5th Cir. 1999); *see also* FED. R. CIV. P. 30(g) ("party *may* recover" expenses) (emphasis added).

Judge Anderson identified the salient factual finding upon which she based her ruling when she explained that sanctions were awarded because "Plaintiffs did not cancel the deposition that they had previously noticed until the day before it was scheduled to begin." August 4 Order at 1. Plaintiffs dispute this finding, arguing that their April 9th email effectively cancelled the deposition. The full text of the April 9th email stated:

> The following is my response to your letter:
> - The objections raised are without merit and ridiculous.
> - This is precisely why I tried to cooperate with your office 2 months ago.
> - You have left me no alternative but to file the notice as is. You can then raise whatever objections you feel you need to make and we will have a hearing.
> - Given your position, I will take the position that your client must produce all responsive corporate witnesses and personal witnesses on the dates I put in the notice. You may then argue to the court why your client cannot

---

[2] The language of Rule 30(g) was altered effective December 1, 2007. Accordingly, the language used in Judge Anderson's June 23rd order did not reflect the current form of the rule. However, the amendments were stylistic only, and the use of the previous version of the rule does not change the outcome.

appear at the designated time and place.

Judge Anderson concluded that this email did not cancel the deposition, and the Court finds that her ruling was not clearly erroneous given what was conveyed and the fact that the deposition was thereafter noticed.  So too, the Court finds that the magistrate judge was not clearly erroneous in finding that the necessity of preparing a foreign witness to testify as to a wide variety of issues rendered the one day notice of cancellation untimely and insufficient.

Aside from disputing the timing of the cancellation, Plaintiffs argue that NML was not permitted to merely voice its objections to the notice.  Instead, they assert that NML was required to file formal objections and seek a protective order under Rule 26(c).  Plaintiffs contend that NML's failure to do so justified the last minute cancellation.  Judge Anderson disagreed, holding that the lack of adequate notice of cancellation triggered Rule 30(g).

The Court is somewhat sympathetic to Plaintiffs' argument, at least to the extent it addresses NML's informal objections.  Although NML's initial letter in response to the draft notice was an appropriate and common first step, once the parties were unable to agree as to the proper scope of the 30(b)(6) notice, NML's strategy created uncertainties as to whether the witnesses would be fully prepared and fully responsive.  As Plaintiffs observed, some jurisdictions have held that a 30(b)(6) designee must either appear and fully respond or file a motion for protective order.  *See Int'l Truck & Engine Corp. v. Caterpillar, Inc.*, No. 1:03-CV-265, 2004 WL 3217760, at *3 (N.D. Ind. May 26, 2004) (observing that "if the corporation believes the discovery sought is objectionable, it still must comply with the discovery, unless it has a pending Rule 26(c) motion for a protective order").  However, this issue is not directly addressed in the Federal Rules of Civil Procedure, and Plaintiffs cited no

5

binding authority to support their position. In addition, there are obviously objections that can be raised during a 30(b)(6) deposition, *such as* objections to the form of the question and objections under Rule 30(d)(4).[3]

Other than noting that NML took a substantial risk in deciding not to file a Rule 26(c) motion, the Court sees no need to explore the contours of Rules 26(c), 30(b)(6), 30(d)(4), and Local Rule 37.2, because Judge Anderson's focus on the lack of notice was not clearly erroneous or contrary to law. Rightly or wrongly, NML informed Plaintiffs on April 15th that it would not seek a protective order as to the filed notice and that it intended to go forward with the deposition while reserving objections. Judge Anderson noted that Plaintiffs could have taken any number of actions at that point to protect their interests before these foreseeable costs were incurred. Yet, Plaintiffs allowed NML to proceed with the misunderstanding that the deposition would go forward. Judge Anderson concluded that, although NML took risks in failing to seek a protective order, Plaintiffs' delayed cancellation was not justified. The Court cannot say that the magistrate judge's ruling was "clearly erroneous or contrary to law."

Finally, Plaintiffs argue that the magistrate judge erred in ordering the deposition to go forward on May 1st when counsel was already en route to the Virgin Islands. It is not clear when counsel began his trip to the Virgin Islands. He was clearly still en route on May 1st, the day after the magistrate judge instructed the parties to remain ready to proceed, but it is not clear

---

[3]Plaintiffs mention Local Rule 37.2 which states: "The filing of a motion for a protective order to limit or quash a deposition does not operate as a stay of the deposition. It is incumbent upon the party seeking the protection of the court to obtain a ruling on the motion prior to the scheduled deposition." The Court finds no relevant authority interpreting this rule, but notes that it addresses the timeliness of motions seeking protection under Rule 26(c) and applies when a party seeks protection from the court, something that did not occur in this instance.

whether he left before or after that instruction was given. Regardless, and regardless of his reasons for leaving and cancelling again on May 1st, the issue has little impact on the present appeal. According to Judge Anderson, the "award of costs was based upon the factual finding that Plaintiffs did not cancel the deposition that they had previously noticed *until the day before* it was scheduled to begin." August 4 Order at 1 (emphasis added). In other words, Plaintiffs were sanctioned for cancelling on April 30th, not for cancelling again May 1st.[4]

In sum, the Court finds that Judge Anderson's factual findings were not clearly erroneous and her application of Rule 30(g) was not contrary to law.

B. The Damages Awarded

Plaintiffs alternatively challenge the quantum of damages. The available remedies for a violation of Rule 30(g) are "reasonable expenses for attending, including attorney's fees." Again, the rule gives the court discretion in fashioning an appropriate remedy. In this instance, Plaintiffs challenged the ruling based primarily on the following arguments: 1) the magistrate judge lacked a factual basis to support the amount awarded; 2) the amount claimed was inflated;

---

[4] Although Judge Anderson did not sanction Plaintiffs for cancelling again May 1st in defiance of her order, such sanctions would have been appropriate.

> If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.

*Maness v. Meyers*, 419 U.S. 449, 458 (1975); *see also Ill. Cent. R.R. Co. v. Winters*, 815 So. 2d 1168 (Miss. 2002) (holding that trial judge abused her discretion by ordering defendant to produce multiple corporate witnesses for out-of-state depositions in different locations on only a few days notice, but affirming contempt ruling because defendant made no effort to comply). In this case, Plaintiffs disagreed with Judge Anderson and therefore ignored her order without seeking an expedited appeal. Judge Anderson could have awarded sanctions on this basis alone.

7

and 3) NML should share in the cost due to its failure to file an objection or seek a protective order.  The Court must reject these arguments.

Plaintiffs challenged the factual basis for the award in two ways.  First, they claimed that Judge Anderson's order failed to explain the basis for the amounts awarded.  However, the June 23rd Order clearly delineates the line items Judge Anderson granted and rejected and the basis for each decision.  In particular, after listing each line item sought and the amounts, the order states:

> [P]reparation time will benefit NML for the deposition when it is finally taken, and those attorneys' fees shall not be awarded.  Further, NML had some discretion in the fees it incurred in resolving this dispute; these attorneys' fees shall also not be awarded.  The remainder of the expenses, the amount of $16, 810.00, shall be awarded.

June 23 Order at 2.  The magistrate judge provided a sufficient basis for the amounts awarded and rejected, and this Court concludes that the findings of fact supporting the decisions were not clearly erroneous.  Second, Plaintiffs argued that the record evidence was insufficient to support the amounts NML claimed, but the record before the magistrate judge included invoices, receipts, and affidavits from counsel.  Plaintiffs never contested any of this in their original response, as discussed *infra*, and the Court finds that the record was sufficient to support the magistrate judge's order.

As for the amounts sought, Judge Anderson ruled that Plaintiffs waived any argument that NML inflated the costs.  As the magistrate judge noted in both orders, Plaintiffs did not initially challenge the expenses set forth in NML's motion.  In fact, Plaintiffs' initial response essentially acknowledged that an award of reasonable costs might be justified and further stated that they had already "offered to reimburse the costs of the rescheduling and taking of the

deposition." Plaintiffs' Response to Motion for Costs at 3.  Although Plaintiffs alternatively asked the Court to defer ruling on costs, they should have raised their objections in the first instance rather than concede the issue and then challenge it in a motion for reconsideration.[5] Moreover, the motion for reconsideration was based on issues that should have been apparent from NML's original application.  Judge Anderson properly rejected the proffered evidence, holding that Plaintiffs failed to meet their burden with respect to a motion for reconsideration. *See Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).[6]

Finally, the Court declines Plaintiffs' invitation to modify the order and split the costs between the parties because NML has already incurred half of the expenses Rule 30(g) would allow the Court to award.  NML documented and requested $32,694 in expenses and fees, but Judge Anderson denied the requested attorneys' fees and awarded $16,810.00.  In rejecting the requested fees, the magistrate judge concluded that the preparation will ultimately benefit NML and was discretionary.  Although some of the preparation will benefit NML, it seems clear that NML would not prepare twice for the same deposition absent the cancellation.  Thus, having denied NML's requested fees, the magistrate judge, acting *sua sponte*, ordered NML to assume approximately half of the costs that the court had discretion to award under Rule 30(g).  In doing

---

[5]A fair reading of Plaintiffs' original response would not notify the Court that Plaintiffs genuinely disputed the amounts NML sought.  To the extent Plaintiffs believed that further discovery was necessary, they should have explained their position to the magistrate judge.

[6]Even though Plaintiffs chose not to contest the costs NML submitted, the magistrate judge reviewed the request on her own initiative and disallowed approximately half of the claimed expenses. June 23 Order at 2-3.  In the August 4 Order, the Court indicated that much of Plaintiffs' "new evidence" with respect to costs was apparent in NML's original application.  All of this indicates to the Court that the magistrate judge carefully considered the requested expenses.  Finally, the Court has reviewed the entire record and affirms the magistrate judge's findings even in light of the "new evidence."

so, she noted that the award would only "partially compensate [NML] for the cancellation of the deposition." June 23 Order at 2. To the extent NML contributed to these unfortunate events, it has suffered an equal share of the consequences.

## III.     Conclusion

For the reasons stated, the Court denies Plaintiffs' appeal of the magistrate judge's orders regarding the expense of the Rule 30(b)(6) deposition set for May 1, 2008. The Court has considered and rejects all remaining arguments in Plaintiffs' submissions.

**SO ORDERED AND ADJUDGED** this the 1th day of December, 2008.

s/ <em>Daniel P. Jordan III</em><br>UNITED STATES DISTRICT JUDGE